**Dated: February 07, 2008**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:                                          Chapter 13
RON P CLAYTON

Debtor(s)                                       Case No. 07-26745-L
SSN XXX-XX-7450

_____
                        Order Confirming Plan
_____

    It appearing to the Court that the debtor(s) has filed a plan which has
been sent to the scheduled creditors; that at the confirmation hearing it
appeared to the Court from statements of the Chapter 13 Trustee, and the
entire record herein that the plan as finalized complies with 11 U.S.C.A.
§1325(a) and other applicable provisions of Bankruptcy Code; and that the plan
should be confirmed;
    IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor pay into the plan as follows:

Debtor One Employer   FLEXTRONICS                    $664.00 EVERY TWO WEEKS

If this is different from the originally proposed plan, then the Trustee is
ordered to enter a separate order changing payment. Furthermore, the
debtor(s)' future earnings shall remain under the exclusive control of this
Court. In the event of dismissal, or conversion, funds held by the Trustee
shall be paid to creditors unless otherwise ordered by the court.

3. All property shall remain property of the Chapter 13 estate under §§541(a)
and 1306(a) and shall revest in the debtor(s) only upon discharge pursuant to
§1328(a), dismissal of the case, or specific order of the Court. The
debtor(s) shall remain in possession of and in control of all property of the

estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $2,400.00.  The attorney has receieved $300.00 to be retained.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the 90 day bar date for the filing of claims; separate order to be entered thereon.

6.  Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts.  If the debtor(s) surrender(s) any real property during the pendency of this case, the real property will no longer be property of the estate and the automatic stay shall terminate regarding interests of affected real property taxing authorities.

7.  The balances of any student loans shall survive discharge if the plan indicate same.

CC: Sylvia Ford Brown                    /s/ Sylvia Ford Brown
JB                                       Chapter 13 Trustee
    BRUCE A RALSTON ATTY
    PO BOX 41914
    MEMPHIS, TN  38174-1914

CHAPTER 13 PLAN (INDIVIDUAL ADJUSTMENT OF DEBTS)

```
DEBTOR(S)        RON P CLAYTON                          SSN XXX-XX-7450
                 :
BK NUMBER        07-26745-L
                 :4320 JUDY COVE
                 MEMPHIS, TN  38111

PLAN PAYMENT     :(DEBTOR 1)       $664.00  EVERY TWO WEEKS      - Payroll Deducti

EMPLOYER(S)      :  FLEXTRONICS
                    2241 LUNDY AVENUE
                    PAYROLL DEPARTMENT
                    SAN JOSE, CA  95131
```

ADMINISTRATIVE   Pay filing fee, Trustee fee, and debtor's attorney fee

MONTHLY
PLAN PYMT

AUTO INSURANCE:
   AUTO INSURANCE NOT INCLUDED

SPECIAL PRIORITY

```
  CENTRAL CHILD SUPPORT RECEIPTIN  ongoing pmt. begin      02/01/2008      $347.00
        Approx. arrearage      $3,000.00   Interest      0.00%             $50.00
```

PRIORITY CREDITORS

```
  UNITED STATES TREASURY                                                  $65.00
```

HOME MORTGAGE: If no arrearage, ongoing payments are to be paid directly by the debtor(s)

```
  CHASE HOME FINANCE LLC          ongoing pmt. begin      10/01/2007     $578.71
        Approx. arrearage     $16,758.76   Interest      0.00%           $280.00
```

UNSECURED CREDITORS:  The percentage to be received by unsecured creditors is to be determined by the Trustee upon the expiration of the 90 day bar date for the filing of claims; separate order to be entered.

```
  CENTRAL CHILD SUPPORT RECEIPTING    $7,000.00
  AXSYS NATIONAL BANK                   $300.87
  BMH-DESOTO (BANKRUPTCY)                $50.00
  BMH-DESOTO (BANKRUPTCY)                $83.50
  BMH-DESOTO (BANKRUPTCY)                $80.30
  ROUNDUP FUNDING                     $2,369.93
  ECAST SETTLEMENT CORPORATION        $1,634.00
  ECAST SETTLEMENT CORPORATION        $3,751.72
  ECAST SETTLEMENT CORPORATION        $1,463.87
  ECOLAB INC                              $1.00
  FDS BANK-GOLDSMITHS                 $1,080.03
  FIRST TENNESSEE BANK                $1,371.73
  FIRST TENNESSEE BANK                  $887.33
  NATIONAL CAPITAL MANAGEMENT LL      $1,358.28
  U S DEPARTMENT OF EDUCATION         $8,788.16
  CITY OF MEMPHIS DIVISION OF             $0.00
  UNITED STATES TREASURY              $1,106.60
  [Add]
```

TERMINATION: Plan shall terminate upon payment of the above, approximately  60 months.