**Dated: April 24, 2013**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IT110

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEEE

In Re                                                          Chapter 13

RON P CLAYTON
Debtor(s)                                                      Case No. 07-26745-L
SSN XXX-XX-7450

ORDER UNDER 11 U.S.C. § 1328(a) DISCHARGING DEBTOR AFTER COMPLETION OF ALL PAYMENTS UNDER CHAPTER 13 PLAN COMBINED WITH RELATED ORDERS AND NOTICE OF THE ENTRY THEREOF

It appears to the court that a petition commencing a case under chapter 13 of the Bankruptcy Code was filed by the above-named debtor(s) on July 20, 2007; that the chapter 13 plan of the debtor(s) has been confirmed; that the debtor(s) has completed all payments under the confirmed plan; that the debtor(s) has certified that all post-petition domestic support obligations have been paid as required by 11 U.S.C. § 1328(a); that the debtor(s) has complied with 11 U.S.C. § 1328(g); and that the debtor(s) is now entitled to a discharge from all dischargeable debts under 11 U.S.C. § 1328(a). Accordingly, and based on the case record as a whole,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

    1. All pending motions to dismiss this case and/or objections to confirmation of the plan previously filed by the Standing Chapter 13 Trustee ("Trustee"), if any, are hereby authorized to be withdrawn at the request of the Trustee.

    2. The above-named chapter 13 debtor(s) is granted a discharge under 11 U.S.C. § 1328(a) of all dischargeable debts.*

    3. All creditors whose debts are discharged by this order are hereby enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor(s).

    4. The Bankruptcy Court Clerk shall promptly cause a copy of this order and notice to be sent to all creditors; the United States Trustee for Region 8; the Chapter 13 Trustee; the debtor(s); the attorney for the debtor(s), if applicable; and any entities who have filed a request that all notices be sent to them.

CC:    Chapter 13 Trustees
        RON P CLAYTON
        BRUCE RALSTON ATTORNEY
        All Entities on Matrix

*PLEASE SEE THE BACK OF THIS ORDER AND NOTICE FOR IMPORTANT INFORMATION RE EXPLANATION OF A BANKRUPTCY DISCHARGE IN A CHAPTER 13 CASE.

EXPLANATION OF A BANKRUPTCY DISCHARGE IN A CHAPTER 13 CASE

INTRODUCTION
　　　The following information is only a general summary of the chapter 13 discharge. There are exceptions to general rules mentioned below.  Because the law is complicated, you may want to consult an attorney of your choice to determine the exact effect of the discharge in this chapter 13 case.

COLLECTION OF DISCHARGED DEBTS PROHIBITED
　　　The chapter 13 discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged.  For example, a creditor (or other interested party) is not permitted to contact a debtor by mail, e-mail, telephone, or otherwise, to file or continue a lawsuit, to attach or garnish wages or other property, or to take any other action to collect a discharged debt from the debtor. A creditor violate this order can be required to pay damages and attorney's fees to the debtor.

　　　However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the granting of the discharge, if that lien was not avoided or otherwise eliminated in the chapter 13 case. Also, a debtor may voluntarily pay any debt that has been discharge.

DEBTS THAT ARE DISCHARGED
　　　The full compliance discharge that is granted after the debtor completes all payments under the confirmed chapter 13 plan under 11 U.S.C. section 1328(a) eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed.

　　　If a creditor does not file a complaint with the bankruptcy court seeking to determine the dischargeability of a particular debt under 11 U.S.C. section 523(a)(2) (for actual fraud, false pretenses, or a false representation) or a debt under 11U.S.C. section 523(a)(4) (for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny) within the time fixed by the court (or that such complaint was filed, and after due notice and hearing, was not sustained), such debt will be discharged notwithstanding the circumstances surrounding the debt under section 523(a)(2) or (4).

DEBTS THAT ARE NOT DISCHARGED
　　　Some of the common types of debts which are not discharged in a chapter 13 case are:
　　　a. Any debt provided for under 11 U.S.C. section 1322(b)(5), and on which the last payment is due after the date on which the final payment under the plan is due (e.g., a long term home mortgage debt).
　　　b. Any tax debt of the kind specified in 11 U.S.C. section section 507(a)(8)© and 523(a)(1)(B)-(C).
　　　c. Any debt determined (or will be determined) by order of this court to be nondischargeable - that is, excepted from discharge under 11U.S.C. section 523(a)(2) (debts incurred through actual fraud, false pretenses, or a false representation) or any debt under 11 U.S.C. section 523(a)(4) (debts incurred through fraud as a fiduciary, embezzlement, or larceny).
　　　d. Any debt not listed or scheduled by the debtor in time to permit the creditor to timely file a proof of claim.
　　　e. Any debt for domestic support obligations (e.g., alimony, maintenance, or support).
　　　f. Debts for most student loans.
　　　g. Any debt for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft, if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.
　　　h. Any debt for restitution, for a criminal fine, included in a sentence on the debtor's conviction for a crime.
　　　i. For restitution, or damages awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused
personal injury to an individual or the death of an individual.
　　　j. Any postpetition debt based on an allowed claim arising under 11 U.S.C. section 1305(a)(2) if prior approval by the Chapter 13 trustee of the debtor's incurring such debt was practicable and was not obtained.
　　　k. Notwithstanding the provisions of the Bankruptcy Code, 11 U.S.C. section section 101 et.swq., any debt made nondischargeable by 18 U.S.C. section 3613(f), by certain provisions of titles, 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.
　　　l. Any debt for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements fo reaffirmation of debts.

ADDITIONAL CONDITIONS OF GRANTING OF DISCHARGE
　　　It is noted at 11 U.S.C. section 1328(a) also conditions the granting of a chapter 13 discharge on the debtor's payment of certain postpetition domestic support obligations. It is further noted that the granting of a chapter 13 discharge is additionally conditioned on the debtor complying with 11 U.S.C. section 1328(g) and the filing of OBF23("Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management")